IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JORGE L. RUBIO,

Petitioner,

v.

AUDREY KING,

Respondents.

No. C 12-4503 JSW (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Petitioner, a civil detainee pursuant to California's "Sexually Violent Predator Act" ("SVPA"), has filed a habeas corpus petition challenging the constitutionality of his civil commitment. For the reasons discussed below, the petition is DISMISSED without prejudice.

## DISCUSSION

I    <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the

applicant or person detained is not entitled thereto." *Id.* § 2243.

II     <u>Legal Claims</u>

Petitioner states that he has not presented his claims to the California Supreme Court. According to the petition, his appeal of his civil commitment proceedings is currently pending in the California Court of Appeal. An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court, such as petitioner, may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).

Petitioner argues that he should not have to exhaust his claims because the California Supreme Court will deny them. Petitioner cites other a decision of the California Supreme denying a similar claim to the Ex Post Facto claim raised by Petitioner. Even if the Ex Post Facto Claim were denied, however, Petitioner raises other claims that could be granted. Thus, his assertion that the California Supreme Court will deny his appeal remains speculative at this stage. The exhaustion requirement will not be excused on the basis of speculated futility. The petition will therefore be dismissed without prejudice to refiling after available state judicial remedies are exhausted.

**CONCLUSION**

For the foregoing reasons and for good cause shown the petition for a writ of habeas corpus is DISMISSED without prejudice.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a Petitioner is entitled to a certificate of appealability in the same order in which the petition is decided. Petitioner has failed to make a substantial showing that reasonable jurist would find this Court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of

appealability is warranted in this case.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: October 25, 2012

JEFFREY S. WHITE
United States District Judge

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JORGE L RUBIO,

          Plaintiff,

  v.

AUDREY KING et al,

          Defendant.

Case Number: CV12-04503 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 25, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jorge L. Rubio
P.O. Box 5003
Coalinga, CA 93210

Dated: October 25, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk